IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00806-BNB

SUSAN MICHELLE ARAGON,

    Plaintiff,

v.

CITY OF GREELEY,
GREELEY POLICE DEPT.,
GREGORY THARP GPO 223,
ADAM TURK GPO 241, and
HEATH M. BOYES GPOP 283,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Susan Michelle Aragon, submitted to the Court *pro se* an amended complaint for money damages. She fails properly to allege jurisdiction. However, because she is asserting that her rights under the United States Constitution have been violated, the amended complaint appears to be filed pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). Ms. Aragon has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006).

    The Court must construe the amended complaint liberally because Ms. Aragon is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Aragon will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Aragon's amended complaint is vague. As previously stated, the amended complain does not properly assert jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). The amended complaint does not include a short and plain statement of Ms. Aragon's claims showing that she is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). The Court has done its best to summarize her allegations. Ms. Aragon alleges that she

along with her husband, who is not a party to this action, were falsely arrested on May 26, 2006. She also contends that the police conducted an illegal search and seizure of their residence. However, Ms. Aragon fails to connect her claims of constitutional violations with the supporting factual allegations she includes in the body of the complaint.

Rather than summarizing each claim succinctly, Ms. Aragon cites to chronological events divided among headings for three claims without stating what those claims are. She apparently expects the Court to piece together her claims and to speculate who is being sued for what and how her constitutional rights have been violated. That is not the Court's job. It is Ms. Aragon's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for her. Ms. Aragon must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

Ms. Aragon is suing an improper defendant. Ms. Aragon may not sue the Greeley Police Department. The police department is not a separate entity from the City of Greeley and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the police department must be considered as asserted against the City of Greeley.

In addition, municipalities and municipal entities are not liable under 42 U.S.C.

§ 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Ms. Aragon cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. ***See Monell***, 436 U.S. at 694.

In the second amended complaint she will be directed to file, Ms. Aragon must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Ms. Aragon may use fictitious names, such as "John Doe" and "Jane Doe" if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Aragon uses fictitious names she must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Aragon should be given an opportunity to file a second amended complaint. She will be directed to do so below.

Ms. Aragon is advised that she must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Ms. Aragon should review her claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff Susan Michelle Aragon file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Aragon, together with a copy of this order, two copies of the Court-approved, complaint form for use in submitting the second amended complaint. It is

FURTHER ORDERED that Ms. Aragon submit sufficient copies of the second amended complaint to serve each named defendant. It is

5

FURTHER ORDERED that if Ms. Aragon fails **within thirty days from the date of this order** to file a second amended complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED May 11, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00806-BNB

Susan M. Aragon
3304 17th Ave
Evans, CO 80620

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 5/11/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk